STEVEN R. STOKER    154947
**PASCUZZI, PASCUZZI & STOKER**
**A Professional Corporation**
2377 West Shaw Avenue, Suite 101
Fresno, California  93711
Telephone:    (559) 227-1100
Facsimile:    (559) 227-1290
E-mail:    *sstoker@pascuzzi.net*

Attorney for Creditor, **Nutrien Ag Solutions, Inc.**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

*****

| | |
|---|---|
| In re | Case No.: 9-20-bk-11123-DS<br>Chapter 7 |
| Peter James Compton | **CREDITOR, NUTRIEN'S OPPOSITION TO NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Debtor. | Date:    June 14, 2021<br>Time:    11:30 a.m.<br>Judge:    Honorable Deborah Saltzman |

TO ALL PARTIES AND THEIR ATTORENYS OF RECORD:

Unsecured Creditor, NUTRIEN AG SOLUTIONS, INC. ("Nutrien"), by and through its attorneys of record, Steven R. Stoker of Pascuzzi, Pascuzzi & Stoker, hereby opposes the NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE

-1-
Opposition

AUTOMATIC STAY UNDER 11 U.S.C. § 632 ("Relief of Stay") filed by Creditor, Bank of America, N.A.

I.

**INTRODUCTION / STATEMENT OF FACTS**

Debtor PETER COMPTON ("Debtor") owns, operates and is the president and sole shareholder of Valley Farm Supply, Inc. ("VFS"). VFS is engaged in the retail sale of farming chemicals, including but not limited to crop protection chemicals, fertilizer and nutritionals.

On September 2, 2020 VFS filed a Chapter 11 bankruptcy action with this Court [Case No. 9:20-bk-11072-DS]. Following the Chapter 11 filing by VFS, Debtor filed a Chapter 7 bankruptcy petition on September 14, 2020 with this Court.

II.

**LEGAL ARGUMENT**

A. <u>Is The Motion Filed in The Wrong Matter?</u>

It is unclear from Debtor's schedules whether the motion should have been brought in this case or the or the Valley Farm Supply, Inc. chapter 11 case (9:20-bk-11072-DS) ("VFS BK").

The exhibits to Petitioner's motion for Relief from Stay indicate that Compton is the titled owner of the Motorhome.

Under penalty of perjury, defendant certified his bankruptcy schedules that he owned a Thor Palazzo 36' motorhome ("Motorhome"). (*See* Schedule A/B: Property ¶4 (Docket #23.). Defendant further identified BofA as a creditor whose claim is secured by the 2013 Thor Palazzo 36'. (*See* Schedule D: Creditors Who Have Claims Secured by Property, ¶ 2.1 (Docket #23 P).

It appears however, that Debtor has listed the Motorhome and corresponding debt in VFS financial statements and Monthly Operating Reports as property of the VFS BK. The Monthly Operating Reports in the VFS BK (Docket # 222) show that VFS made payments on the Motorhome including one on April 27, 2020.

BofA filed a Personal Property Declaration by Chaverity T. Hawkins ("Hawkins") on April 27, 2021 (Docket #120) in support of the Relief from Stay Motion. In that declaration, Hawkins identified the amount of the monthly payment as being $1,018.30

> 7. Status of Movant's debt as of April 2, 2021:
>
>   a. The amount of the monthly payment $1,018.30
>   b. Number of payments that became due and were not tendered:  ☐ prepetition  5 ☒ postpetition
>   c. Total amount of arrears: $4,848.24 ($5,091.50 less $243.26 partial payment balance)
>   d. Last payment received on (date): March 4, 2021.
>   e. Future payments due by the anticipated hearing date (if applicable): April 27, 2021
>
>   An additional payment of $1,018.30 will come due on (date) April 27, 2021, and on the 27th day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged under the terms of the loan.

Debtor, on behalf of VFS, listed BofA on Official Form 204 as one of the 20 largest unsecured claims and listed the amount of $126,345.86 as partially secured. (Docket #1, VFS BK) Financial Statements for VFS as of December 2020 show a note payable for a "portable office" at $126,345.86.

| Bank of America P.O. Box 15019 Wilmington, DE 19886 | Motorhome on premise | $126,345.86 | $0.00 | $126,345.86 |

VFS paid the debt on the Motorhome and listed it in VFS' Monthly Operating Reports filed in the VFS BK (Docket #171, VFS BK) although debtor tried to disguise it as a Portable office:

II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Ally - 2013 Delivery Truck | Monthly | $1,283.82 | 3 | $3,851.46 |
| BoA - 2014 Portable Office | Monthly | $1,018.30 | 3 | $3,054.90 |

VFS demonstrated the payments in the Monthly Operating Reports filed with the Court in the VFS BK (Docket #122, VFS BK):

Case 9:20-bk-11072-DS   Doc 122   Filed 01/17/21   Entered 01/17/21 23:35:02   Desc
Main Document   Page 18 of 34

CHASE ◯

December 01, 2020 through December 31, 2020   Account Number: 9919

PASCUZZI, PASCUZZI & STOKER
2377 West Shaw Avenue, Suite 101
Fresno, California 93711

| | |
|---|---|
| 12/01 | Orig CO Name:Bank of America    Orig ID:941687665G Desc Date:201130 CO Entry    1,018.30
Descr:Payment  Sec:Tel    Trace#:111000022717592 Eed:201201  Ind ID:11165H1Zk
Ind Name:Shelley Bradley, Valle Trn: 3362717592Tc |

As demonstrated, the payment amount is exactly the same and payment is to BofA.

The April Monthly Operating Report is more specific showing online payment to Bank of America for $1,018.30 on April 27, 2021:

| 04/27 | 04/27 Online Payment 11655327889 To Bank of America NA | 1,018.30 |

VFS also listed the asset on VFS' Depreciation Expense schedule for time period of 01/01/2020 – 06/30/2020. (Docket #1, VFS BK).

```
77-0508225                              VALLEY FARM SUPPLY, INC. [2241]                        8/25/2020
01/01/2019 - 12/31/2019                      Depreciation Expense                              8:50:45AM
Sorted: GROUP                                      Federal
                                            01/01/2020 - 06/30/2020

System No.  S   Description      Date In   Method/  Life   Cost/Other Bus./Inv.%  Sec. 179/   Salvage/   Beg. Accum.   Current      Total
                                 Service   Conv.                Basis             Bonus/(Cur. Basis Adj. Depreciation Depreciation/ Depreciation/
                                                                                  Yr. Only)              / (Sec. 179)  (Sec. 179)   (Sec. 179)

VEHICLE
514         2008 INTERNATIONAL   1/30/2014 M/HY    5.0000  40,000   100.0000  0    0    40,000     0      40,000
516         MB VAN               3/5/2014  M/HY    5.0000  56,500   100.0000  0    0    56,500     0      55,500
517         2011 FORD RAPTOR     3/24/2014 M/HY    5.0000  54,744   100.0000  0    0    54,744     0      54,744
519    D    2015 FORD F-150      2/6/2015  M/HY    5.0000  62,534   100.0000  0    0    58,932     0      58,932
520         PORTABLE OFFICE      3/9/2015  M/HY    7.0000  71,737   100.0000  0    0    55,731     3,201  58,932
521         2016 KENWORTH        6/1/2016  M/HY    5.0000  183,223  100.0000  0    0    174,076    3,049  177,125
522         2014 JEEP WRANGLER   6/1/2016  M/HY    5.0000  36,000   100.0000  0    0    29,779     2,073  31,852
523         FORD F-250           9/1/2016  M/HY    5.0000  64,702   100.0000  0    0    53,522     3,726  57,248
```

When the depreciation listed is added back, the total about equals the same asset value as cited in the Compton BK.

Debtor listed the same asset in both bankruptcy cases. Clearly Debtor attempted to disguise this fact given the different classification as a "Portable Office" on the VFS schedules. Although claiming the asset in his personal Chapter 7 Compton BK, Debtor caused VFS to pay the monthly payment which was not approved by the court either in cash collateral budgets or insider compensation amounts. For this reason, Nutrien raises the objection.

B.    Debtor Has not Been Truthful in His Schedules

A debtor's bankruptcy schedules are signed under penalty of perjury. Thus, a false statement or omission in the debtor's schedules constitutes a false oath under § 727(a)(4). [*Robinson v. Worley* (4th Cir. 2017) 849 F3d 577, 584, 587 -- Debtor's sworn representation

as to asset's value in schedules "counts" as an "oath" under §828(a)(4) (denying discharge where debtor undervalued minority interest in land trust); *In re Crawford* (1st Cir. 2016) 841F3d 1, 8-9 – schedules omitted debtor's interest in retirement account; *In re Tan* (BC ND CA 2006) 350 BR 488, 495 – Schedules omitted debtor's interests in several closely-held corporations.]

As demonstrated above, Debtor is all over the map with his schedules as it relates to the Motorhome. It is evident that he has not told the truth in at least one set of documents.

C. <u>Debtor Has Not Signed a Reaffirmation Agreement</u>

No reaffirmation agreements have been agreed to that Nutrien is aware of and none that have even been proposed or come before this court therefore it is unclear why Debtor has been making payments from his CH 7 estate.

### III

### **CONCLUSION**

For the foregoing reasons, Nutrien brings this Opposition to Bank of America's Motion for Relief from Stay as to the Motorhome.

Dated: May 27, 2021

PASCUZZI, PASCUZZI & STOKER

Steven R. Stoker
Attorney for Creditor, Nutrien Ag Solutions, Inc.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2377 W. Shaw Avenue, Suite 101, Fresno, Ca 93711

A true and correct copy of the foregoing document entitled (*specify*): <u>CREDITOR NUTRIEN'S OPPOSITION TO NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/28/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

1. Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee(ND) brian.fittipaldi@usdoj.gov
2. Carris N Horowitz on behalf of Debtor Valley Farm Supply Inc. carrisa@beallandburkhardt.com, artyc@aol.com;castlesb@aol.com
3. Claudia Coleman on behalf of Interested Party Courtesy NEF ccoleman@marshackhays.com ccoleman@ecf.courtdrive.com
4. D Edward Hays on behalf of Interested Party Courtesy NEF ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
5. Hagop T Bedoyan on behalf of Creditor J.r. Simplot Company hagop.bedoyan@mccormickbarstow.com terry.douty@mccormickbarstow.com
6. Jerry Namaba (TR) jnambapiq@earthlink.net jnambalaw@yahoo.com jn01@trustesolutions.net paknamba@gmail.com
7. Laila Masud on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com kfrederick@ecf.courtdrive.com
8. Reed H Olmstead on behalf of Debtor Peter James Compton reed@olmstaed.law Olmstead.ecf@gmail.com r41602@notify.bestcase.com
9. Richard W Brunette on behalf of Interested Party Lynn Compton rbrunette@sheppardmullin.com vlamonica@cheppardmullin.com
10. Robert P Zahradka on behalf of Creditor Bank of America caecf@tblaw.com
11. Sandra McBeth on behalf of Creditor Community Bank of Santa Maria donna@mcbethlegal.com
12. Shraddha Bharatia on behalf of Interested Party Courtesy NEF notices@becket-lee.com
13. United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/28/2021 | KATIE PHAPHON | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                  F 9013-3.1.PROOF.SERVICE